Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>*Apelado*<br><br>v.<br><br>PHILLIP MEDINA FIGUEROA<br><br>*Apelante* | KLAN202500482 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AVI2024G0020 (Sala 503)<br><br>Sobre: Art. 109 (Agresión Grave) |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2025.

El 28 de mayo de 2025, el señor Phillip Medina Figueroa (señor Medina o apelante), presentó por derecho propio ante este Tribunal de Apelaciones el recurso de *apelación* de epígrafe.

Por los fundamentos que expondremos a continuación, se **desestima** el recurso de *apelación* de epígrafe por falta de jurisdicción, ello, debido al incumplimiento con las disposiciones reglamentarias para el perfeccionamiento de este, lo que nos impide ejercer nuestra función revisora.

## I.

El señor Medina presentó el escrito de *apelación* ante este foro intermedio el 28 de mayo de 2025. En un escrito ininteligible, el apelante aparenta argüir que se encuentra confinado en el Centro de Ingresos 676 de Ponce. En su escrito, alegó que el 11 de diciembre de 2024, se hizo un preacuerdo con el Ministerio Público. Sin embargo, el señor Medina adujo que, el 7 de mayo de 2025, se le dictó sentencia, pero, sin tomar en consideración el alegado preacuerdo.

El 11 de junio de 2025, emitimos *Resolución* para que la parte apelada se expresara. A tales fines, el 23 de junio de 2023, la Oficina del Procurador General de Puerto Rico compareció mediante *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. Así pues, contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

### -A-

Los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción[1]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar[2]. El Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[3]. Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[4]. Si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia"[5]. De no hacerlo, la determinación sería nula, por lo que carecería de eficacia[6].

### -B-

La Regla 194 de las de Procedimiento Criminal[7], dispone el procedimiento para perfeccionar un recurso de apelación o *certiorari* en un caso criminal. Pertinente a la controversia que nos ocupa, la precitada regla dispone que: "**[e]l apelante** o peticionario **deberá**

---

[1] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[2] *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

[3] *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).

[4] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[5] *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

[6] *Morán v. Martí*, 165 DPR 356, 364 (2005).

[7] 34 LPRA Ap. II, R. 194.

**notificar al fiscal y al Procurador General la presentación del escrito de apelación** o de *certiorari* dentro del término para presentar tales recursos"[8]. (Énfasis nuestro). Asimismo, el Artículo 60 (a) la Ley Núm. 205-2004, conocida como la "Ley Orgánica del Departamento de Justicia"[9] dispone de manera expresa que:

> (a) El Procurador General representará al Estado Libre Asociado en todos los asuntos civiles y criminales en que éste sea parte o esté interesado y que se tramiten en grado de apelación o en cualquier otra forma ante los tribunales apelativos de Puerto Rico, de los Estados Unidos, o de cualquier otro estado federado, territorio o posesión de los Estados Unidos de América, excepto en los casos en los cuales el Secretario determine otra cosa.
>
> (b) El Procurador General también representará ante cualquier tribunal apelativo a aquellas partes o intereses representados por el Departamento en primera instancia y comparecerá ante cualquier tribunal apelativo en la continuación de otras causas tramitadas en primera instancia por el Departamento o por representación legal externa, excepto en los casos en los cuales el Secretario determine otra cosa y sujeto a las excepciones que puedan establecerse por ley.
>
> (...)

Por otra parte, la Regla 23 (B) del Reglamento del Tribunal de Apelaciones[10] ordena:

> La notificación de la presentación del escrito de apelación al (a la) Fiscal de Distrito y al Procurador(a) General, se efectuará mediante entrega personal, o por correo certificado con acuse de recibo o mediante un servicio similar de entrega por compañía privada con acuse de recibo, dentro del término de treinta (30) días dispuesto para la presentación del recurso, siendo éste un término de cumplimiento estricto.

Al respecto, nuestro Máximo Foro ha afirmado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse de forma rigurosa[11]. Principalmente, cuando se trata de la notificación adecuada, dado que es mediante la misma que las partes advienen en conocimiento de los recursos presentados y pueden solicitar los remedios que entiendan procedentes, evitando así verse afectadas por algo que desconocen[12]. Como resultado, la notificación defectuosa a una de las partes priva de jurisdicción al

---

[8] *Íd.*
[9] 3 LPRA sec. 2941 (a)(b).
[10] 4 LPRA Ap. XXII-B, R. 23(b).
[11] *Arriaga v. F.S.E.*, 145 DPR 122 (1998).
[12] *Caro v. Cardona*, 158 DPR 592 (2003).

tribunal para atender el recurso en los méritos y acarrea la desestimación del recurso apelativo[13].

Dentro de ese contexto, el Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[14]. Por ende, las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[15]. Si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia"[16]. Ante dicho escenario, la Regla 83 del Reglamento del Tribunal de Apelaciones[17] contempla la desestimación de un recurso por carecer de jurisdicción para atenderlo en sus méritos.

**-C-**

En cuanto al contenido del escrito de apelación en casos criminales, la Regla 26 del Tribunal de Apelaciones en su inciso C[18] establece lo siguiente:

> (1) Se hará constar el nombre de las partes apelantes en la comparecencia.
>
> **(2) Se** hará una **referencia a la sentencia de la cual se apela, la Sala del Tribunal de Primera Instancia que la dictó y la fecha en que lo hizo o** la fecha de notificación de la resolución de una moción que hubiera interrumpido el plazo apelativo dispuesto en las Reglas de Procedimiento Criminal.
> (3) Se identificará cualquier otro recurso sobre el mismo caso o asunto que se encuentre pendiente a la fecha de presentación.
>
> **(4) Se incluirá un señalamiento breve y conciso de los errores en que se fundamenta la apelación.**
>
> (5) Se informará si la persona convicta se encuentra en libertad bajo fianza, en probatoria o recluida en una institución penal. (Énfasis nuestro).

Es menester señalar que, nuestro Más Alto Foro ha resuelto expresamente que el hecho de que las partes comparezcan por

---

[13] *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98 (2013).
[14] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[15] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).
[16] *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).
[17] 4 LPRA Ap. XXII-B, R. 83.
[18] 4 LPRA Ap. XXII-B, R. 26 (C).

derecho propio, por sí solo, no justifica que incumplan con las reglas procesales[19]. En lo específico, nuestra más Alta Curia expresó en *Hernández Jiménez v. AEE*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores. Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.

Es por lo anterior que, la parte que comparece ante el Tribunal de Apelaciones tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia[20].

**III.**

Como foro apelativo intermedio, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado.

Empero, al revisar el expediente ante nuestra consideración, pudimos constatar que el señor Medina no anejó copia de la *Sentencia* o determinación de la cual nos solicita la modificación. Por consiguiente, desconocemos por cual delito este fue encontrado culpable y la pena a la cual fue sentenciado. Por otro lado, el apelante no incluyó señalamiento alguno de error, por lo que estamos ante un recurso defectuoso. En consecuencia, desconocemos cuales fueron los planteamientos del señor Medina ante el foro recurrido y, por último, tampoco notificó al Procurador General sobre la apelación presentada ante este foro intermedio.

Dichas omisiones por parte del apelante, así como el incumplimiento con las disposiciones de nuestro Reglamento, tienen

---

[19] *Febles v. Romar*, 159 DPR 714 (2003).
[20] *Morán v. Martí*, 165 DPR 356, 367 (2005).

como resultado un recurso tan defectuoso que nos impide auscultar nuestra jurisdicción, para determinar si procede atenderlo en sus méritos y revisar la corrección del dictamen que se pretende impugnar.

En vista de lo anterior, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal[21], el cual le confiere facultad a este foro intermedio para, a iniciativa propia, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, ***desestimamos*** el recurso de *apelación* de epígrafe por falta de jurisdicción.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] 4 LPRA Ap. XXII-B, R. 83 (C).